IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TERESSA JANETTE GALLEGOS, Individually and as
Personal Representative of the ESTATE OF
JOSEPH ORAN VAN WINKLE, Deceased;
and MARY ANN VAN WINKLE,

**Plaintiffs,**

v.                             Cause No. 1:13-cv-01055-JB-KBM

MAUREEN WOOD, M.D.;
MEDICAL DOCTOR ASSOCIATES, LLC;
and UNITED STATES OF AMERICA,

**Defendants.**

## PLAINTIFFS' FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH DAMAGES DUE TO MEDICAL MALPRACTICE

Plaintiffs, by and through their undersigned attorney, for their complaint against Defendants, would show the Court the following:

### GENERAL ALLEGATIONS

1. Plaintiff Teressa Janette Gallegos is a resident of Santa Fe County, New Mexico. Mary Ann Van Winkle is a resident of Eddy County, New Mexico. Defendants Medical Doctor Associates, LLC ("MDA") and Maureen Wood, M.D. ("Wood") have been served and answered herein. The United States of America is sued under the Federal Tort Claims Act, 28 U.S.C. 2671, et seq. and the Court has jurisdiction of the federal tort claims pursuant to 28 U.S.C. § 1331.

2. Venue is proper in this Court because Plaintiff and Defendant Medical Doctor Associates, LLC's agent for service of process both reside in this District, and the treatment by the Veteran's

Administration for which the United States is sued occurred in this District. Defendants Wood and MDA are subject to the long-arm jurisdiction of this Court because both have transacted business in New Mexico and committed tortious acts in New Mexico.

3. Joseph Oran Van Winkle, a veteran who served in the United States Navy from June 1965 through November 1971 in Vietnam, sought treatment at the Raymond G. Murphy VA Medical Center on May 7, 2012, complaining of abdominal pain. He was very weak, pale and had a dangerously low pressure upon his arrival at the emergency department.

4. Dr. Maureen Wood, an internal medicine physician who was an agent and employee of Defendant Medical Doctor Associates, LLC, assumed primary care for Mr. Van Winkle and admitted him to the medical intensive care unit with a diagnosis of septic shock.

5. At all times relevant hereto, Dr. Maureen Wood was not an employee of the Department of Veterans Affairs, but was rather either an employee and agent of Medical Doctor Associates, LLC, such that her acts and omissions are the acts and omissions of Medical Doctor Associates, LLC under the doctrine of *respondeat superior,* or was an independent contractor.

6. Blood cultures were obtained from Mr. Van Winkle in the emergency department, and on May 8, 2012, Dr. Wood should have been aware that the cultures resulted in two of two bottles positive for the infection of staph aureus. At the time Dr. Wood should have known of the culture results Mr. Van Winkle was receiving the antibiotic Cefepime, pursuant to orders written for him by Dr. Wood. Cefepime does not provide coverage for the infection which Mr. Van Winkle had as demonstrated by the blood cultures. In fact, not one of the antibiotics included in the list of antimicrobial susceptibilities reported by the VA lab on May 8, 2012 were prescribed by Dr. Wood.

She determined without any data or reasonable basis that the result of the blood culture was a "false positive" and that she would continue to cover Mr. Van Winkle with Cefazolin/Ancef.

7.      Both the blood culture and the urine culture showed staphylococcus aureus as being the infecting agent present in Mr. Van Winkle's body.  Although Dr. Wood prescribed Ancef on May 8, 2012, it was not started until May 13, 2012, and although she wrote that she was also going to switch the Cefepime to Clindamycin, the switch was never ordered nor administered.  Neither Ancef nor Clindamycin, however, were listed in the laboratory susceptibilities as medicines which would have safeguarded Mr. Van Winkle from the infection he had.

8.      A pharmacist or representative of the pharmacy department employed by the United States VA Medical Center accompanied Dr. Wood on her rounds of patients every day.  Such representative(s) should have known the results of the culture and that the drugs given to Mr. Van Winkle were not appropriate for his treatment because of the results of the culture, and that Mr. Van Winkle was therefore not .receiving the correction medication and should have so advised Dr. Wood.

9.      Likewise, Dr. Chris Quintana, a fellow assigned to Dr. Wood, was advised that both bottles cultured were positive for staph aureus.  Dr. Quintana failed to advise Dr. Wood of this.  Likewise, Dr. Chris Quintana, a physician serving as a fellow working at the VA Medical Center with Dr. Wood and the other VA Medical Center doctors caring for Mr. Van Winkle, was directly advised by the laboratory that the culture showed a staph aureus infection.

10.     Dr. Quintana was an agent or employee of the United States at all pertinent times.

11.     On May 13, 2012, Mr. Van Winkle was discharged from the VA Medical Center. Dr. Wood wrote in her discharge summary that his "shock resolved on the fourth day of the hospital course," an untrue statement.

12.     Vancomycin was neither ordered nor administered for Mr. Van Winkle, according to the daily narrative of pharmacy records, although it would have been appropriately prescribed for him given the nature of his infection, yet Dr. Wood claimed in her progress notes that Vancomycin was administered while Mr. Van Winkle was in the hospital, and other treating physicians followed and repeated this mistaken statement, assuming it to be true.

13.     Mr. Van Winkle did not get better. He was seen by Dr. Lisa Yearwood in Artesia, New Mexico, near his home, and was admitted to the Artesia General Hospital on or about June 5, 2012 with dehydration and continued infection.  Dr. Jorge Abalos was his treating physician in the hospital, and ordered Mr. Van Winkle returned to the VA Medical Center.

14.     Mr. Van Winkle was ultimately diagnosed with severe right-sided infectious endocarditis involving the tricuspid valve of his heart on June 12, 2012, following the administration of an echocardiogram at the VA Medical Center.  This is an infection caused by bacteria entering the bloodstream and settling in the heart lining, valve or vessel.  Vegetation grew on his heart as a result.

15.     At the VA Medical Center,  it was finally recognized that the course of oral antibiotics upon which Mr. Van Winkle had been placed was not adequate or appropriate to treat his infection and that he should have been given intravenous antibiotics for four to six weeks for his infection.  It was also the conclusion of the panel reviewing his records at the VA Medical Center that the vegetation on his heart was the result of his not having received appropriate antibiotic therapy.

16.     Mr. Van Winkle died on September 10, 2013.  His daughter, Teressa Janette Gallegos has been appointed as Personal Representative of his Estate and therefore brings this wrongful death action pursuant to the New Mexico Wrongful Death Act.  Mary Ann Van Winkle is the surviving spouse of Joseph Oran Van Winkle.

## FIRST CLAIM FOR RELIEF

17. The allegations of the General Allegations are incorporated herein by this reference.

18. Defendant Maureen Wood, M.D., failed to conduct herself as a reasonably qualified internal medicine physician would conduct herself in the same or similar circumstances in her treatment of Mr. Van Winkle and was therefore negligent. Without limitation, her negligence consists of failing to properly diagnose Mr. Van Winkle, failing to review the chart and recognize and properly treat the staph aureus infection and discharging Mr. Van Winkle prematurely, and without sufficient proper antibiotic coverage.

## SECOND CLAIM FOR RELIEF

19. The allegations of Paragraphs 1 through 18 are incorporated herein by this reference.

20. Defendant Medical Doctor Associates, LLC is liable for the negligence of its agent, Maureen Wood, M.D., as set forth above, and is independently and directly liable for its failure to properly and adequately investigate Dr. Wood's credentials and abilities, monitor her activities and supervise her. This also constitutes a breach of Medical Doctor Associates, LLC's contract with the Veterans Administration, of which Plaintiff Joseph Oran Van Winkle is a third party beneficiary.

## THIRD CLAIM FOR RELIEF

21. The allegations of Paragraphs 1 through 20 are incorporated herein by this reference.

22. The United States is liable for the negligence of its agents as set forth in Paragraphs 8-10 above, for their failure to recognize the wrong medications being given and their failure to notify Dr. Wood of the positive culture and drugs to which the staph aureus was susceptible.

## DAMAGES

23. The allegations of Paragraphs 1 through 22 are incorporated herein by this reference.

24. As a direct and proximate result of the aforesaid negligence of Defendants, Plaintiffs have been harmed. Plaintiff Joseph Van Winkle underwent significant and ongoing pain and suffering, physical impairment, disfigurement and incurred medical expenses and suffered mental anguish. He also lost a chance of survival, and died as a consequence of Defendants' negligence. Likewise, his wife Mary Ann Van Winkle, has suffered mental anguish and sues for loss of consortium with her husband. The daughter of Joseph Van Winkle, Teressa Janette Gallegos, also sues for loss of consortium, society and guidance with her father, and seeks all wrongful death damages recoverable by the Estate and beneficiaries.

WHEREFORE, Plaintiffs pray that they have and recover judgment against Defendants, and each of them, for their actual damages; for costs of suit incurred herein; for pre and post-judgment interest as provided by law; and for such other and further relief as the Court may deem to be just and proper.

Respectfully submitted,

THE PERRIN LAW FIRM
1322 Paseo de Peralta, Lower Level
Santa Fe, New Mexico 87501
Telephone: (505) 989-8800
Facsimile: (214) 646-6117
Email: dougperrin@perrinlaw.org

/s/Doug Perrin
Doug Perrin

**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of June, 2014, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court of New Mexico, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record to accept this Notice as service of this document by electronic means:

Remo Gay
Brown & Gay, P.C.
3810 Osuna Road NE, Ste. 1
Albuquerque, NM 87109
rgay@brownandgay.com

*/s/Doug Perrin*
Doug Perrin