IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TERESSA JANETTE GALLEGOS, Individually and
as Personal Representative of the ESTATE OF
JOSEPH ORAN VAN WINKLE, Deceased; and
MARY ANN VAN WINKLE,

      Plaintiffs,                                                                              No. CIV 13-1055 JB/KBM

  vs.

MAUREEN WOOD, M.D.;
MEDICAL DOCTOR ASSOCIATES, LLC;
and the UNITED STATES OF AMERICA,

      Defendants.

**MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

      Defendant United States of America, pursuant to Rule 12(b) (1) of the Federal Rules of Civil Procedure, moves to dismiss Plaintiffs' First Amended Complaint for Wrongful Death Damages Due To Medical Malpractice ("First Amended Complaint") on the ground that this Court lacks subject matter jurisdiction because Plaintiffs failed to exhaust their administrative remedies.

      Plaintiffs oppose this motion.   Defendants Maureen Wood, MD, and Medical Doctor Associates, LLC, "take no position."

I.   MATERIAL FACTS

      1.      The deceased, Joseph Oran Van Winkle, was provided medical care at the Raymond G. Murphy VA Medical Center ("VA") on May 7 to May 13, 2012, by an independent contractor, Defendant Maureen Wood, MD.   Doc. 10-1.

2. Plaintiffs filed suit against Dr. Maureen Wood and her employer, Medical Doctor Associates, LLC, on September 25, 2013 ("Original Complaint"). Doc. 10-1 at 1.

3. Defendants Wood and Medical Doctor Associates removed the suit to federal court on October 28, 2013. Doc. 1.

4. Plaintiffs filed an Amended Complaint on June 30, 2014, asserting claims against the United States based on the purported failure of an unnamed pharmacist and a non-treating doctor to notify Dr. Wood of mistakes she made in the care she provided to Mr. Van Winkle ("Amended Complaint"). Doc. 41.

5. Plaintiffs did not allege that they filed a notice of claim or otherwise exhausted their administrative remedies. *Id.*

6. On April 10, 2013, Plaintiff Mary Ann Van Winkle and now deceased Joseph Oran Van Winkle filed a tort claim alleging Dr. Maureen Wood prescribed the wrong antibiotics, failed to prescribe the antibiotics that would fight Mr. Van Winkle's staph aureus infection, and prematurely released Mr. Van Winkle from the hospital ("First Notice of Claim"). Exhibit A-1.

7. On June 19, 2013, Region Counsel denied the tort claim of Joseph Oran Van Winkle and Mary Ann Van Winkle on the ground that Dr. Maureen Wood was not an employee of the VA. Exhibit A-2.

8. Mr. Van Winkle died on September 10, 2013. Doc. 41, ¶ 16.

9. Plaintiffs' counsel wrote to the VA on December 2, 2013, referring to the letter as a "supplement" to the April 2, 2013, letter, alleging that the pharmacist should have known the results of the culture and, therefore, should have known that Mr. Van Winkle was receiving

the wrong drugs for his condition. The letter further stated that Mr. Van Winkle died on September 10, 2013, and stated that "Mrs. Van Winkle, along with her daughter Jana Gallegos, seeks $600,000.00 in compensation for their injuries." Exhibit A-3.

10. By letter dated December 9, 2013, Plaintiffs' counsel stated that the letter of December 2, 2013, should be regarded as, and was intended to be, an amendment to the original April 2, 2013 letter. Exhibit A-4.

11. The VA, Office of Regional Counsel, advised Plaintiffs' counsel that there is no provision to amend a tort claim after the office has adjudicated the claim and issued a final decision. Exhibit A-5.

12. On December 10, 2013, by facsimile, Plaintiffs' counsel requested reconsideration "of the claim of my clients, Mary Ann Van Winkle and Teresa Janette Gallegos," on the grounds that Defendant did not provide documentation of Dr. Wood's employment with Medical Doctor Associates and that employees in the pharmacy failed to exercise ordinary care. Exhibit A-6.

13. Plaintiffs' counsel had not submitted a claim on behalf of Teresa Janette Gallegos. Exhibit A-1.

14. Plaintiffs' notice of claim was limited to the purported negligence of Dr. Wood. Plaintiffs' notice of claim did not claim that the pharmacy staff "failed to exercise ordinary care and meet their professional obligations." Compare Exhibit A-1 with Exhibits A-6.

15. The request for reconsideration remains pending. Declaration of Bonita Ortiz attached as Exhibit A, ¶ 8.

16. On April 24, 2014, Office of Region Counsel of the Veterans Administration received a second notice of claim submitted on behalf of the estate of Joseph Oran Van Winkle, Deceased, Mary Ann Van Winkle, and Teresa Janette Gallegos ("Second Notice of Claim"). Exhibit A-7. The Second Notice of Claim alleged that Dr. Maureen Wood assumed Mr. Van Winkle's care and failed to prescribe the correct antibiotics. Because Dr. Wood is not an employee of the United States, Plaintiffs further alleged that Dr. Christopher Quintana was "assisting" Dr. Wood in the care of Mr. Van Winkle, Dr. Quintana learned that Mr. Van Winkle tested positive for staph aureus, but did not report this to Dr. Wood, resulting in inadequate medications being prescribed. *Id.*

17. The second notice of claim did not assert allegations regarding pharmacists. *Id.*

18. On June 30, 2014, approximately two months after submitting the Second Notice of Claim, Plaintiffs amended their Original Complaint for Wrongful Death Damages Due To Medical Malpractice filed on September 25, 2013, adding the United States as a defendant and alleging that an unnamed VA pharmacist "should have known the results of the culture and the drugs given to Mr. Van Winkle were not appropriate for his treatment because of the results of the culture." Doc. 41, ¶¶ 8, 22. Plaintiffs further alleged that Dr. Christopher Quintana, "a fellow assigned to Dr. Wood, was advised that both bottles cultured were positive for staph aureus. . . . [but] failed to advise Dr. Wood of this." *Id.*, ¶¶ 9, 22.

19. Dr. Quintana was not responsible for the care of Mr. Van Winkle. Mr. Van Winkle was not Dr. Quintana's patient. Declaration of Christopher Quintana, MD, attached as Exhibit B

20.     The VA has not issued a final decision with respect to the June 30, 2014, claim. Exhibit A, ¶ 10.

## II.    POINTS AND AUTHORITY

A.     <u>Waiver of Sovereign Immunity Under The FTCA</u>

This lawsuit is brought pursuant to the Federal Tort Claims Act (FTCA), which governs tort actions against the United States.   28 U.S.C. § 2671, et seq.   The United States, as a sovereign, is immune from suit unless it waives sovereign immunity and consents to be sued. *Harrell v. United States*, 443 F.3d 1231, 1234 (10th Cir. 2006).   Because the FTCA is a limited waiver of sovereign immunity, it is strictly construed.   *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979).   Absent an express waiver of sovereign immunity, federal courts lack subject matter jurisdiction.   *Harrell*, 443 F.3d at 1234.   Sovereign immunity cannot be extended except by the legislature.   *Kubrick*, 444 U.S. at 117-18.

As a prerequisite to filing suit against the government, pre-suit administrative steps are required by law.   28 U.S.C. § 2675.   The federal court does not have jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency . . . within two years from the time the claim accrues.   *Id.; D'Addabbo v. United States*, 316 F. App'x 722, 724 (10th Cir. 2008).   Then the claimant must wait either until the administrative agency finally denies the claim or until at least six months have passed after the claim was filed.   28 U.S.C. § 2675.   Because the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies, the district court lacks

subject matter jurisdiction over prematurely filed suits. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

The Tenth Circuit has recognized that the administrative procedures established pursuant to the FTCA are strictly construed. *Three-M Enters., Inc. v. United States*, 548 F.2d 293, 295 (10th Cir. 1977). The interpretation of the strict requirements for the pre-suit notice and exhaustion are well exemplified by the Tenth Circuit decision in *Gladden v. U.S. Dep't of Justice*, 18 F. App'x 756, 758 (10th Cir. 2001). In *Gladden*, the claimant stated that his claim was "in excess of $100,000.00." The Tenth Circuit held that this did not satisfy the sum certain requirement and thus did not present an adequate claim. *Id.*

The purpose of the FTCA's administrative claim requirement is to afford the government a "fair opportunity to investigate and possibly settle the claim before the parties must assume the burden of costly and time-consuming litigation." *McNeil*, 508 U.S. at 111-12. An administrative claim must provide written notice of the claim sufficient to enable the agency to investigate and must place a value on the claim. *Haceesa v. United States*, 309 F.3d 722, 734 (10th Cir. 2002) (no subject matter jurisdiction over claim asserted by the estate when only the wife and daughter filed administrate claims). Because Plaintiffs' First Notice of Claim did not notify the Agency of the claims raised in the Amended Complaint, Plaintiffs did not exhaust their administrative remedies by filing the First Notice of Claim. Plaintiffs have not exhausted their administrative remedies with respect to the Second Notice of Claim because the Agency has not denied Plaintiffs' Second Notice of Claim and Plaintiffs filed their Original Complaint and Amended Complaint before six months after filing the Second Notice of Claim. Because

Plaintiffs failed to file a notice of claim with respect to their claims arising out of the actions or inactions of an unnamed pharmacist, Plaintiffs have not exhausted their administrative remedies on that claim on that basis as well.

B.   Standard of Review

When the Court reviews a factual attack on subject matter jurisdiction, the Court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).  *Fowler v. United States*, 647 F.3d 1232, 1236 (10th Cir. 2011).   Only when resolution of the jurisdictional question is intertwined with the merits of the case is the Court to convert a Rule 12(b)(1) motion into a Rule 56 summary judgment motion.   *Id.*   This motion is not intertwined with the merits of the case and the Amended Complaint is therefore subject to dismissal.

C.   Plaintiffs Failed To Exhaust Their Administrative Remedies.

This Court does not have subject matter jurisdiction because Plaintiffs failed to exhaust their administrative remedies.   The Government has waived sovereign immunity pursuant to the Federal Tort Claims Act (FTCA) with strict conditions and limitations:

> An [FTCA] action shall not be instituted upon a claim against the United States for money damages for injury . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.   The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675 (a).

Mr. and Mrs. Van Winkle filed a notice of claim on April 10, 2013, alleging that Dr.

Maureen Wood committed medical malpractice in caring for Mr. Van Winkle. Their claim was denied on June 19, 2013. While Plaintiffs attempted to amend the claim after the final decision, there is no provision that allows such an amendment. 28 C.F.R. § 14.2(c) ("A claim presented in compliance with paragraph (a) of this section may be amended by the claimant at any time prior to final agency action or prior to the exercise of the claimant's option under 28 U. S. C. 2675(a).") *See also Stokes v. United States Postal Serv.*, 937 F. Supp. 11, 16, n.15 (D.D.C. 1996) (plaintiff foreclosed from amending claim after she filed suit, thereby treating the claim as denied); *McFarlane v. United States*, 684 F. Supp. 780, 782 (E.D.N.Y. 1988) (amendment of claim allowed only before agency final decision).

Possibly recognizing the insufficiency of the First Notice of Claim and the purported amendment, Plaintiffs filed a Second Notice of Claim on April 24, 2014, alleging that Dr. Christopher Quintana, a doctor without authority to develop or change Mr. Van Winkle's plan of care, was negligent in failing to correct Dr. Wood's mistakes in her care of Mr. Van Winkle. Plaintiffs filed suit and amended their Original Complaint before the agency made a final determination on the Second Notice of Claim and before six months had passed after its receipt of the Second Notice of Claim.

Plaintiffs' Amended Complaint against the United States is based on the facts alleged in paragraphs 8 through 10 of the Complaint. Doc. 41 at 5, ¶ 22. Paragraphs 8 through 10 allege that an unnamed pharmacist that accompanied Dr. Wood on her rounds every day should have known the results of the culture and that the drugs given to Mr. Van Winkle were not appropriate treatment. Doc. 41, ¶ 8. Plaintiffs further alleges that Dr. Quintana, "a

physician serving as a fellow working at the VA Medical Center with Dr. Wood" was advised of the results of the lab culture but failed to advise Dr. Wood."  Doc. 41, ¶ 9.  The First Notice of Claim was insufficient to provide notice of the allegations in the Amended Complaint regarding the purported negligence of individuals whom did not provide care to Mr. Van Winkle.  To the extent that the Second Notice of Claim covers Plaintiffs' allegations in the Amended Complaint, the Amended Complaint is premature and must be dismissed.

    1.    <u>The First Notice Of Claim Was Insufficient To Provide Notice Of The Allegations In The Amended Complaint</u>

Courts uniformly define satisfactory notice under section 2675 as a Standard Form 95 or other written notification which includes (1) sufficient information for the agency to investigate the claims, and (2) a sum certain amount of damages sought.  *Cizek v. United States*, 953 F.2d 1232, 1233 (10th Cir. 1992).  28 C.F.R. § 14.2(a) provides that "a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident. . ."  Courts describe the notice requirement as "eminently pragmatic."  The language of an administrative claim must give due notice to the agency that it should investigate the possibility of particular conduct.  *Estate of Trentadue v. United States*, 397 F.3d 840, 852 (10th Cir. 2005).  The notice must alert the agency of the facts and circumstances underlying a claim.  *Id.* at 853.

In general, the scope of FTCA litigation cannot be expanded by adding claims not included in the administrative claim.  *Deloria v. Veterans Admin.*, 927 F.2d 1009, 1011 (7th Cir.

1991).   Although an administrative claim need not put forth legal theories in order to satisfy section 2675(a), *see Bush v. United States*, 703 F.2d 491, 494 (11th Cir. 1983), a plaintiff cannot "present one claim to the agency and then maintain suit on the basis of a different set of facts." *Deloria*, 927 F.2d at 1012; *Dynamic Image Techs., Inc. v. United States*, 221 F.3d 34 (1st Cir. 2000); *Dundon v. United States*, 559 F. Supp. 469, 476 (E.D.N.Y. 1983); *Doe v. United States*, 618 F. Supp. 71 (D.S.C. 1985) (administrative claim of sexual assault and battery did not apprise government of later allegations of medical malpractice).

The primary concern expressed in the case law is that the government knows, as nearly as possible, its maximum potential liability in the case at hand in order to facilitate settlement during the administrative process.   *See Danowski v. United States,* 924 F. Supp. 661, 667 (D.N.J. 1996).   Courts therefore routinely dismissed actions brought on legal theories not encompassed within the facts presented in the administrative claim, especially if the defect impairs the Government's ability to conduct meaningful settlement discussions.   *Id.*

Plaintiffs' First Notice of Claim is insufficient to meet the jurisdictional prerequisite for suit.   The First Notice of Claim set forth and complained only of the care provided by Dr. Wood.   There was no mention of Dr. Quintana—a physician who did not provide care to Mr. Van Winkle—and an unnamed pharmacist.   In other words, Plaintiffs' First Notice of Claim did not provide sufficient notice of the factual basis of the claims raised in the Amended Complaint to allow the Government to investigate the claims.   *See e.g.*, *Salas v. United States*, 527 F. App'x 813 (10th Cir. 2013) ("to the extent Ms. Duron's NIED claim is based on alleged emotional distress she suffered as a result of ICE's release of Mr. Salas in El Paso on March 31, 2008, the

district court lacked jurisdiction because she did not present that basis of her claim to the DHS."). See also *Palay v. United States*, 349 F.3d 418, 426 (7th Cir. 2003) (description of injuries sustained and physical effects insufficient to put agency on notice of medical malpractice claim); *Glade ex rel. Lundskow v. United States*, 692 F.3d 718, 722 (7th Cir. 2012) (plaintiff's notice of claim of battery by therapist and respondeat superior claims against supervisors was insufficient notice of claims of negligence by supervisors); *Ham v. United States*, Civ. No. 07-29E, 2008 WL 818197, at *4 (W.D. Pa. Mar. 26, 2008) (allegations of negligence of one dentist insufficient to put agency on notice of allegations of negligence by another dentist). Plaintiffs implicitly acknowledged that the First Notice of Claim did not provide sufficient notice of the claims in the Amended Complaint by filing their Second Notice of Claim. The VA could not have known Plaintiffs were alleging an unnamed pharmacist and Dr. Quintana, two individuals who did not provide patient care to Mr. Van Winkle, were responsible for failing to catch Dr. Wood's purported malpractice.

    2.    <u>Plaintiffs' Allegations Against Dr. Quintana Are Premature</u>

Plaintiffs' Second Notice of Claim notified the Government of each Plaintiffs' claims that Dr. Quintana was purportedly negligent in failing to catch and rectify Dr. Wood's mistakes. However, both Plaintiffs' original Complaint and Amended Complaint were filed prior to six months after filing the Second Notice Of Claim. Plaintiffs have therefore failed to exhaust their administrative remedies with the filing of the Second Notice of Claim. *McNeil*, 508 U.S. at 112 ("The most natural reading of the statute indicates that Congress intended to require complete exhaustion of [administrative] remedies before invocation of the judicial process.").

Accordingly, the Court should dismiss Plaintiffs' prematurely filed complaint against the United States. *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999) ("as a general rule, a premature complaint cannot be cured through amendment, but instead, plaintiff must file a new suit") (quoted authority and internal quotation marks omitted).

    3.    <u>Plaintiff Gallegos' Claims Are Premature</u>

Plaintiff Gallegos filed a notice of claim on April 24, 2014. The Agency has not made a final decision on Plaintiff Gallegos's claim and six months has not yet passed. Plaintiff Gallegos therefore did not exhaust her administrative remedies with respect to the claims alleged in the Amended Complaint.

    4.    <u>Plaintiffs' Allegations Against The Pharmacist Are Barred.</u>

Plaintiffs never filed a notice of claim with respect to their allegations that an unnamed pharmacist failed to correct Dr. Wood's error. Accordingly, Plaintiffs failed to exhaust their administrative remedies and this Court lacks subject matter jurisdiction. Since two years have passed since the incident of which Plaintiffs complain, such a claim is forever barred. 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues. . . .")

III.   CONCLUSION

Because Plaintiffs failed to exhaust their administrative remedies with respect to the allegations in Plaintiffs' Amended Complaint, this Court lacks subject matter jurisdiction and Plaintiffs' Amended Complaint should be dismissed.

                          Respectfully submitted,

                          DAMON P. MARTINEZ
                          United States Attorney

                          *Electronically filed      /14*
                          */s/ Ruth Fuess Keegan*
                          RUTH FUESS KEEGAN
                          Assistant United States Attorney
                          P.O. Box 607
                          Albuquerque, New Mexico    87103
                          (505) 224-1503; Fax: (505) 346-7205
                          Ruth.F.Keegan@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2014, I filed the foregoing pleading electronically through the CM/ECF system which caused the following parties or counsel to be served by electronic means as more fully reflected on the Notice of Electronic Filing:

Doug Perrin:    dougperrin@perrinlaw.org

                          *Filed electronically 10/17/14*
                          RUTH FUESS KEEGAN
                          Assistant United States Attorney